IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NAPOLEON RAMON GRAHAM,         *
                               *
     Plaintiff,                *
                               *
     v.                        *      CV 421-221
                               *
CHATHAM COUNTY DETENTION CENTER *
and SHERIFF JOHN WILCHER,      *
                               *
     Defendants.               *

## O R D E R

Plaintiff filed this lawsuit while incarcerated at the Chatham County Detention Center.  (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983.  (Doc. No. 3 (granting IFP status).)  Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A.  A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it

seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I. BACKGROUND

Plaintiff's Complaint alleges several general claims regarding the conditions at the Chatham County Detention Center. (See Doc. No. 1.) He claims he has been subject to constant harsh treatment, including being confined to his cell for extended periods of time. (Id. at 5.) He is unable to do his legal work, take a shower, or have recreation time. He is forced to eat in his cell, and if he or anyone else complains, they are sent to solitary confinement. (Id.) He states, "To add insult to injury, these people will tamper with your mail"; he attaches a letter from the Georgia Public Defender Council "proving" the mail tampering. (Id.) He states that he is unable to visit with his family due to an $8.00 fee being charged to do so, and he is "constantly" being denied medical attention. (Id.) He specifically alleges that "these people are able to mistreat us and beat us and get away with it because Sheriff Wilcher allows this to go on." (Id.)

## I. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may

be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid

of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## II.  DISCUSSION

The Chatham County Detention Center is not an entity subject to suit. See Johnson v. Benton, 2021 WL 6750967, at *2 (S.D. Ga. Dec. 20, 2021) (citing Jamelson v. Unnamed Defendant, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). Appropriate parties for suit under Section 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability). Thus, the Chatham County Detention Center is not a proper party and is dismissed.

Plaintiff's claims against Sheriff Wilcher appear to be made against him by virtue of his supervisory role only. Defendant Wilcher cannot be held liable on a theory of *respondeat superior*. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.")

Plaintiff has otherwise failed to state any nonconclusory claims against any particular person for any specific constitutional violation. Accordingly, amendment of the Complaint would be futile. Regarding his mail and access to legal materials, he has not made any factual allegations that any limitations affected his pursuit of any nonfrivolous appeal, post-conviction claim, or civil rights action. See Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998) (identifying the limited types of legal claims protected by the access-to-courts right as nonfrivolous appeals from a conviction, habeas petitions, or civil rights suits). He simply states that the interference with mail is cruel and unusual. This conclusory allegation, however, does not properly allege injury. See Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[I]n order to assert a claim arising from the

...
...

denial of meaningful access to the courts, an inmate must first establish an actual injury"). Additionally, none of Plaintiff's other allegations regarding harsh treatment constitute the type of risk of significant harm contemplated by the statute. See Farmer v. Brennan, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). Thus, Plaintiff's Complaint must be dismissed.

### III. CONCLUSION

For the reasons explained above, Plaintiff has failed to state any arguably viable claims in his pleadings. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE